
USCA1 Opinion

	




      [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
                 United States Court of Appeals
                     For the First Circuit





No. 98-1211

                          UNITED STATES,

                            Appellee,

                                v.

                      ARNALDO WILSON LOPEZ,

                      Defendant, Appellant.



           APPEAL FROM THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF PUERTO RICO

          [Hon. Jose Antonio Fuste, U.S. District Judge]



                              Before

                      Selya, Circuit Judge,
                 Bownes, Senior Circuit Judge,
                   and Stahl, Circuit Judge.
                                
                                


     Marlene Aponte Cabrera on brief for appellant.
     Guillermo Gil, United States Attorney, Nelson Perez-Sosa,
Assistant United States Attorney, and Michelle Morales, Assistant
United States Attorney, on brief for appellee.





March 4, 1999



                                
                                


            Per Curiam.  Defendant-appellant Arnaldo Wilson-Lopez
    appeals from the district court's denial of his motion to
    withdraw his guilty plea, filed before sentencing, and from the
    district court's failure to rule upon his motion for a new
    trial pursuant to Fed.R.Crim.P. 33.  He also raises an
    ineffective assistance of counsel claim.  We summarily affirmappellant's conviction and sentence, without prejudice to
    Wilson-Lopez raising his ineffective assistance arguments
    before the district court on collateral review.  Accordingly,
    we sever this appeal (No. 98-1211) from the other pending
    appeal (No. 98-1212) with which it previously was consolidated.
              I. Motion to Withdraw Guilty Plea
              "Even prior to the imposition of sentence, a
    defendant does not have an unqualified right to withdraw a
    guilty plea. Rather, a presentence motion to retract a plea can
    be granted 'only upon an affirmative showing of a "fair and
    just reason."' The burden of proof rests with the defendant. 
    In deference to the intimate tri-cornered relationship among
    trial judge, prosecutor and criminal defendant, we review a
    district court's denial of a request to withdraw a guilty plea
    solely for abuse of discretion." United States v. Gonzalez-
    Vazquez, 34 F.3d 19, 22 (1st Cir. 1994) (citations omitted).
              We apply the "well-established framework for
    evaluating plea withdrawal motions," United States v. Sanchez-
    Barreto, 93 F.3d 17, 23 (1st Cir. 1996), cert. denied, __ U.S.
    __, 117 S.Ct. 711 (1997), and conclude that there was no abuse
                                  -2-
    of discretion by the district court.  "We have found no abuse
    of discretion in disallowing plea withdrawal motions where Rule
    11 safeguards were scrupulously followed by the district
    court."  Id.  That was the case here.  Specifically, the
    transcript of the change of plea hearing belies Wilson-Lopez'
    claim that he pled guilty on the mistaken belief that he could
    receive a thirty-year sentence for carrying a machine gun if he
    did not accept the government's plea offer.  There is no
    factual support in the record for that claim that the plea was
    involuntary and unknowing.  The four-month delay in filing the
    motion to withdraw the plea and the implausibility of the
    proffered reason for the motion also support the district
    court's denial.  Finally, the district court was well-within
    its discretion in rejecting Wilson-Lopez' claim of innocence
    with respect to the drug trafficking count. See id. at 24.  The
    district court did not abuse its discretion in concluding that
    Wilson-Lopez failed to present a "fair and just reason" for the
    withdrawal of his plea.
              II. Rule 33 Motion for a New Trial
              The district court did not err in failing to grant
    this motion as Rule 33 does not apply where there has been no
    trial:
              By its express terms, Rule 33 is confined
              to those situations in which a trial has
              been had.  In the court below, appellant
              admitted his guilt, abjuring a trial.  A
              defendant who enters a guilty plea cannot
              thereafter uses Rule 33 as a wedge to undo
              his acknowledgment that he committed the
              offense.
    
    United States v. Graciani, 61 F.3d 70, 78 (1st Cir. 1995).
              III. Ineffective Assistance of Counsel
              Wilson-Lopez bases his ineffective assistance claim
    on his counsel's asserted failure accurately to inform him of
    the possible sentence he could receive if he failed to plead
    guilty and his claim that his attorney failed to investigate
    exculpatory evidence.  "The absence of a sufficiently developed
    factual record ... precludes reliable review [of most
    ineffective assistance of counsel claims] on direct appeal."
    United States v. Lopez-Pineda, 55 F.3d 693, 697 (1st Cir.
    1995).  So it is here.  Therefore, the claim is rejected,
    without prejudice to Wilson-Lopez raising these ineffective
    assistance arguments on collateral review under 28 U.S.C. 
    2255.
              The judgment of conviction and sentence is affirmed.
    See Loc. R. 27.1.
    
    
      
      
              

